IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 10-cv-01416-CMA-MEH

SERVICE EMPLOYEES INTERNATIONAL UNION, LOCAL 105,

    Plaintiff,

v.

MENTAL HEALTH CENTER OF DENVER,

    Defendant.

## ORDER GRANTING PETITION TO COMPEL ARBITRATION

This matter is before the Court on a Complaint (Petition) to Compel Arbitration filed by Plaintiff Service Employees International Union, Local 105 (the "Union"). (Doc. # 1.) For the following reasons, the Petition is granted.

### I. BACKGROUND

Plaintiff is a labor organization that represents employees of Defendant Mental Health Center of Denver ("MHCD"), a provider of mental health services. The parties had entered into a Collective Bargaining Agreement with an effective date of January 26, 2009 and an expiration date of December 31, 2009 (the "2009 Agreement").[1] As set

---

[1] The parties agreed that the 2009 Agreement shall remain in effect until December 31, 2009, "unless terminated or opened for negotiations by either party giving the other party written notice of termination or opening not less than sixty (60) days nor more than ninety (90) days prior to the expiration date. If the Agreement is not terminated or opened it shall remain in full force and effect. At any time thereafter upon sixty (60) days written notice by either party, the agreement may be reopened." (Doc. #1-1 at 32).

forth in the Petition, the parties have negotiated a subsequent agreement, which has not yet been executed. However, the parties do not appear to dispute that the 2009 Agreement's arbitration provision applies to the instant dispute.

The 2009 Agreement contains various provisions concerning union representation, employee work hours, employee discipline, benefits and wages, education and training, and the filing of grievances and the initiation of arbitration proceedings.

Underlying the arbitration dispute is Plaintiff's claim that Defendant has violated the 2009 Agreement by reducing full-time employees' work hours from forty hours to thirty-six hours per week and requiring residential counselors to take thirty-minute lunch breaks.

The 2009 Agreement sets forth the following procedures for filing grievances and initiating arbitration proceedings:

> **8.3** **Step 1.** A grievance shall be documented in writing and submitted to the supervisor and Human Resources within ten (10) working days. The written grievance shall state the nature of the grievance, the actions already taken to resolve the matter, if any, and the resolution desired. The grievant may request the assistance of a union steward and/or union representative. The grievant, his/her union steward/representative (if requested), the supervisor, and another representative from Human Resources and/or management shall have a meeting to discuss the grievance within fifteen (15) working days unless events and circumstances precludes such meeting, i.e., scheduled vacation. The supervisor shall submit his/her written response within fifteen (15) working days following the Step 1 hearing. If the supervisor denies the grievance, the response shall state the reasons for the denial.

> **8.4. Step 2.** If the grievance remains unresolved after Step 1, the written grievance may then be submitted to the Director within ten (10) working days of receipt of the written answer in Step 1. If the immediate supervisor is the Program Director, the grievance will be referred to the immediate supervisor of the Program Director. A conference shall be held between the concerned parties within fifteen (15) working days unless events and circumstances preclude such meeting, i.e. scheduled vacation. The Program Director or the immediate supervisor of the Program Director shall submit a written answer within fifteen (15) working days following the conference. If the Program Director or the immediate supervisor of the Program Director denies the grievance, the response shall state the reasons for the denial.
>
> **8.5 Arbitration.** As a prerequisite to appeal to Arbitration, the grievance shall have been properly processed through the grievance steps. An appeal to Arbitration shall be made within twenty (20) working days after the receipt of the Employer's Step 2 response. If the Union elects to pursue an arbitrable grievance through to Arbitration, the parties will proceed as follows:
>
> **8.5.1** The Employer and the Union shall endeavor to select a mutually agreeable arbitrator within ten (10) working days of receipt of notice of the Union's intent to proceed to arbitration.
>
> **8.5.2** If the parties are unable to agree upon an arbitrator, then the Federal Arbitration and Conciliation Service shall be requested to nominate five (5) potential arbitrators. . . .

(Doc. # 1-1 at 10-11.)[2] The 2009 Agreement further states that "the decision of the arbitrator shall be final and binding upon the parties." (*Id.* at 11).

On or about September 18, 2009, Defendant MHCD issued a memorandum to all Residential Program Managers concerning a reduction in work hours from forty hours to thirty-six hours per week and mandating that employees take thirty-minute lunch breaks,

---

[2] All references to page numbers are to the Court's CM/ECF docketing system's numbering, not to the document's original numbering.

effective October 19, 2009.  In the Union's view, these changes violate the 2009 Agreement.  Accordingly, on October 15, 2009, nearly one month after the memorandum's issuance, the Union filed a grievance protesting these changes.
On October 19, 2009, MHCD's Human Resources Manager, Jeff Tucker, informed the Union that he would not process the grievance because (1) the Agreement was not violated and (2) the grievance was untimely.  On November 25, 2009, Mr. Tucker reiterated his reasons for refusing to process the grievance.  On December 1, 2009, the Union's Health Care Organizer informed Mr. Tucker that she would view Mr. Tucker's November 25 statement as a rejection of the Union's Step One grievance.  She also informed Mr. Tucker of her intent to proceed to Step Two of the grievance procedure and requested that Mr. Tucker organize a Step Two grievance meeting.  On December 4, 2009, Mr. Tucker reiterated his position that the Union's grievance was untimely and, therefore, would not be processed.  On December 15, 2009, the Union ordered a panel of five arbitrators from the Federal Mediation and Conciliation Service, pursuant to Article 8 of the Agreement.

    Plaintiff has filed the instant Petition because Defendant MHCD has failed and refused to arbitrate Plaintiff's grievance.  MHCD files its Answer on July 12, 2010.  (Doc. #3).

## II. ANALYSIS

### A. PETITION TO COMPEL ARBITRATION

At issue before the Court is whether Plaintiff has complied with the procedural requirements for arbitration, as set forth in the 2009 Agreement, by timely filing its grievance.

Plaintiff contends that whether the prerequisites for arbitration have been met is an issue for the arbitrator, not the court, to decide. Defendant contends the opposite and cites to *Green Tree Fin. Corp. v. Bazzle*, 539 U.S. 444, 452 (2000), in support. However, *Green Tree Fin.* is inapposite because it does not identify procedural prerequisites, such as time limits, as gateway issues for courts to decide. Rather, it identifies gateway issues, such as the existence of a valid arbitration contract or the application of an arbitration clause to a certain type of controversy, as falling within the court's purview, neither of which are at issue in the instant case. 539 U.S. at 452.

As clearly set forth by the Supreme Court in *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543 (1964) and reaffirmed in *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84-85 (2002) (cited by *Denhardt v. Trailways, Inc.*, 767 F.2d 687, 690 (10th Cir. 1985)), issues such as whether conditions precedent to an obligation to arbitrate have been met (*i.e.*, time limits, laches, estoppel) are for arbitrators – not courts – to decide.

As noted above, the parties in the instant case dispute the timeliness of Plaintiff's grievance filings, in other words, whether the prerequisites to arbitration have been

5

satisfied. Further, in response to the Petition, MHCD has asserted affirmative defenses of estoppel, laches, and waiver. Accordingly, for the foregoing reasons, the Court finds it is for the arbitrator to decide whether Plaintiff has satisfied the prerequisites of invoking the 2009 Agreement's arbitration provision.

B. **PLAINTIFF'S REQUEST FOR COSTS AND ATTORNEYS' FEES**

In connection with its Petition to Compel Arbitration, Plaintiff seeks an award of its costs and attorneys' fees. (Doc. #1 at 7).

However, there is no provision in the Federal Arbitration Act, 9 U.S.C. § 1, *et. seq.* that awards fees to a party whose efforts to compel arbitration are successful. Further, to the extent that Plaintiff's fee request may be premised on 28 U.S.C. § 1927,[3] fee awards under that statute are granted "only in instances evidencing a serious and standard disregard for the orderly process of justice." *Dreiling v. Peugeot Motors of Am., Inc.*, 768 F.2d 1159, 1165 (10th Cir. 1985) (citation omitted). Plaintiff has alleged no facts that support a fee award under this statute and Plaintiff has pointed to no statutory or contractual authority to support this fee request. Therefore, the request is denied.

---

[3] "Any attorney or other person...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

6

III.   **CONCLUSION**

Accordingly, for the foregoing reasons, IT IS ORDERED THAT:

(1) Plaintiff's Complaint (Petition) to Compel Arbitration (Doc. #1) is GRANTED;

(2) The parties shall submit the issues of the timeliness of Plaintiff's grievance filings and Defendant's purported breaches of the 2009 Agreement to an arbitrator for resolution;

(3) Having decided the issues presented in the Complaint (Petition) to Compel Arbitration, this case is DISMISSED WITH PREJUDICE;

(4) Plaintiff's request for attorneys' fees incurred in connection with this Petition to Compel Arbitration is DENIED;

(5) Plaintiff's request for costs incurred in connection with this Petition to Compel Arbitration is GRANTED; and

(6) The Office of the Clerk shall forthwith enter final judgment in favor of Plaintiff and against Defendant, dismissing the complaint with prejudice. Plaintiff may recover its costs by filing a bill of costs within fourteen (14) days of the date of this Order, pursuant to D.C.COLO.LCivR 54.1.

DATED:  July   23  , 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge